**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-14446

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MICHAEL WILLIAMS KERSEY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:21-cr-00037-LGW-BWC-1

_____

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Michael Kersey appeals his 1,200-month sentence for conspiracy to engage in the sexual exploitation of children, three counts of sexual exploitation of children, and possession of child

pornography.   He argues that his sentence was substantively unreasonable because the district court created an unwarranted sentencing disparity between Kersey and his co-defendant who received a 420-month sentence.  The government moved to dismiss Kersey's appeal because the parties entered into a plea agreement that included an appeal waiver.  Kersey acknowledges that he "waived his right to appeal on most grounds" but argues that we should decide the merits of his appeal because he had ineffective assistance of counsel, which renders the appeal waiver unenforceable, and enforcing his appeal waiver would result in a miscarriage of justice.  We conclude that the appeal waiver is enforceable and applicable.   Accordingly, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that a defendant made knowingly and voluntarily, unless doing so "would result in a miscarriage of justice." *Hunter v. United States*, 146 S. Ct. 1702, 1713 (2026) (holding that a sentence-appeal waiver "is unenforceable when it would result in a miscarriage of justice"); *see United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (setting forth the knowing and voluntary requirement).  "An appeal waiver . . . is not knowing and voluntary if it was the product of ineffective assistance of counsel." *Hunter*, 146 S. Ct. at 1712.

Kersey's plea agreement provided that he "entirely waive[d] his right to a direct appeal of his conviction and sentence on any

ground" and that the only exceptions to the appeal waiver were "if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence."

Kersey does not argue that any of the three enumerated exceptions to his appeal waiver apply. Instead, Kersey first argues that the appeal waiver is not enforceable because the district court acknowledged that he received ineffective assistance of counsel. Kersey is correct that the district court acknowledged, and the government conceded, that Kersey's counsel was ineffective because he did not consult Kersey about whether to appeal his sentence. As a result, the district court granted Kersey's request to file an out-of-time appeal by vacating the judgment in his case and reimposing the same sentence in an amended judgment. But Kersey's counsel's failure to discuss an appeal with him after he was sentenced is immaterial to the enforceability of the appeal waiver because such ineffectiveness cannot render the earlier-entered appeal waiver "the product of ineffective assistance of counsel."[1] *Hunter*, 146 S. Ct. at 1712.

Second, Kersey argues that enforcing the appeal waiver would result in a miscarriage of justice. Not so. The miscarriage of justice rule "sets a high bar: The waiver may be set aside only if the sentence is marred by the kind of egregious error that would

---

[1] Kersey does not argue on appeal that any counsel he received concerning his plea agreement or the appeal waiver was ineffective.

bring the judicial system into disrepute. The error must be obvious—not one a judge could reasonably make." *Id.* at 1713. Kersey's merits argument—that there is an unwarranted sentencing disparity between him and his co-defendant who was convicted of fewer and different charges—does not meet that high bar.

Accordingly, because the appeal waiver in Kersey's plea agreement is enforceable and no exception applies, we **GRANT** the government's motion to dismiss.

**DISMISSED.**